Burket, J.
Jurisdiction in mandamus is conferred upon the circuit court by section 6 of article 4 of the constitution, and that jurisdiction cannot be abridged or taken away by the general assembly.
Section 6741, .Revised Statutes, is as follows: “Mandamus is a writ issued in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.”
The law as to mandamus at the time the constitution was adopted, was not broader than this section of our present statutes, and therefore we need not look further than to properly construe this section.
Section 6 of the Australian ballot law, 89 O. L., 434, provides that, “nominations to be valid must be certified as hereinafter provided.” Section 9 of the same law, 93 O. L., 189, provides that, “certificates of nomination and nomination papers for the *65 nomination of candidates for county offices shall be filed with the deputy state supervisors not less than twenty days previous to the day of election.” Section 10 of the same law, 90 O. L., 269, provides that, “the certificates of nomination and nomination papers being so filed, if in apparent conformity with the provisions of this act, shall be deemed to be valid, unless objection thereto is duly made in writing, within five days after the filing thereof. * * * Such objections or other questions arising in the course of nominations of candidates for county offices * * * shall be considered by the deputy state supervisors of the county, * * * and their decision shall be final; but in case no decision can be arrived at, the matter in controversy shall be submitted to the state supervisor of elections, who shall summarily decide the question thus submitted to him, and his decision shall be final.”
In the case at bar objections to the certificates were filed within five days, and the deputy state supervisors of the county considered the same and failed to arrive at any decision, and they submitted the matter in controversy to the state supervisor of elections, and he decided that the certificates were filed too late, and that the names of the candidates should not be placed on the official ballot, and directed that they be omitted. As the statute provides that his decision shall be final, the decision so made by him became the law of the case, and absolved the deputy state supervisors from the duty of placing the names on the ballot, and after that decision the performance of the act of placing the names on the ballot was not enjoined by law “as a duty resulting from an office, trust or station.”
*66 The duty of the deputy state supervisors after that decision was to omit the names from the ballot, and it was error to order them by a writ of mandamus to perform an act which it was their duty under the statute not to perform.
The controlling principle — the finality of the decision of the state supervisor of elections — is the same in this case as in Chapman v. Miller, 52 Ohio St., 166. While the general assembly cannot curtail the jurisdiction of the circuit court in mandamus, it can so enact the law as to remove the duty to do any particular act, and when the duty no longer exists, the power of the court to command the performance of such supposed duty is gone.
As the decision of the state supervisor is final, the correctness of such decision cannot be reviewed or considered by a court, and therefore he is not a proper party to a proceeding to compel the deputy state supervisors, by mandamus or otherwise, to disregard such decision, or act contrary thereto. A court has no authority to compel such contrary action by the deputy state supervisors, nor to compel the state supervisor to change or modify his decision. He makes his decision to the best of his judgment and discretion, and such discretion cannot be controlled by a court. Section 6712, Revised Statutes.
The deputy state supervisors are not constituted a “board of deputy state supervisors” or corporate body by statute, and there is no provision for designating or suing them as such. The statute provides simply for the appointment of “deputy state supervisors,” and- they are known by that designation throughout the statute, and each one acts as such, and if sued, should be sued as such, and can prosecute error as such even though the others refuse to join in *67 such error proceedings. In case of such refusal they should be made defendants. ,
The judgment of the circuit court will be reversed, the demurrer sustained, and the petition dismissed.

Judfjment accordingly.

Shauck, C. J., and Minshall, Williams, Spear and Davis, JJ., concurred.